UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ESTEISY JOHANA ROLON-CAMPEROS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00198-TWP-KMB |
| | ) | |
| SCOTT A. MAPLES, JR., | ) | |
| SAMUEL OLSON, | ) | |
| TODD LYONS, | ) | |
| MARKWAYNE MULLIN, | ) | |
| TODD BLANCHE, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Esteisy Johana Rolon-Camperos, a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on July 19, 2026 (Dkt. 1). Ms. Rolon-Camperos is detained at the Clark County Jail in Jeffersonville, Indiana. Among other claims, she alleges that her detention is unlawful because she has been denied the opportunity for a bond hearing under 8 U.S.C. § 1226(a). Ms. Rolon-Camperos now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. (Dkt. 1 at 14). For the reasons explained below, the Court grants the petition and orders Respondents to either afford Ms. Rolon-Camperos an individualized bond hearing or release her from custody, under reasonable conditions of supervision.

### I. Background

Ms. Rolon-Camperos is a citizen of Venezuela who entered the United States in 2023. (Dkt. 6-1 at 6–7). She was issued a Notice to Appear on July 28, 2023, and released on an order of release on recognizance. *Id.* at 1, 4. Ms. Rolon-Camperos was arrested and taken into ICE custody on July 19, 2026, pursuant to an I-200 administrative warrant. *Id.* at 5.

The Notice to Appear charges Ms. Rolon-Camperos with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* The "arriving alien" checkbox is unmarked. *Id.*

It appears that Ms. Rolon-Camperos has not moved for or been given a custody re-determination hearing. Dkt. 1 ¶¶ 22–24.

## II. Discussion

Ms. Rolon-Camperos claims that her current detention violates the INA because she has been unlawfully denied the opportunity for a bond hearing. Dkt. 1 ¶¶ 56–59. She also claims that her detention is unlawful under the Due Process Clause of the Fifth Amendment and applicable bond regulations.

Respondents concede that this case is controlled by the recently issued decision *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315, at *4 (7th Cir. July 30, 2026). Dkt. 6 at 1. In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Ms. Rolon-Camperos who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." *Id.* at 1–2. Thus, it is undisputed that Ms. Rolon-Camperos is entitled to habeas relief insofar as she is eligible for a bond hearing.

**III. Scope of Relief**

Ms. Rolon-Camperos requests immediate release from custody. (Dkt. 1 at 15–15). Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Ms. Rolon-Camperos's immediate release and instead orders Respondents to provide her an individualized bond hearing as required by § 1226(a) and its regulations.

Because the Court has found that Ms. Rolon-Camperos's detention violates the INA, it need not reach her claim regarding bond regulations or her claim that her detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

Finally, the respondents ask the Court to dismiss this action and direct the petitioner to request a bond hearing. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See, e.g.*, *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *2 (S.D. Ind. Dec. 10, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order the respondents to schedule a bond hearing or release Ms. Rolon-Camperos.

## IV. Conclusion

The Court grants the petition to the extent that **no later ten days[1] from the date of this order**, Respondents must either: (1) provide Ms. Rolon-Camperos with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Ms. Rolon-Camperos from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Ms. Rolon-Camperos with a bond hearing or released him from detention **within three days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Ms. Rolon-Camperos's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 8/18/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

[1] This deadline may be reset by the agreement of the parties without Court involvement.